UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON LEON FREEMAN,<br>Plaintiff,<br>v.<br>C. CALDERON, et al.,<br>Defendants. | Case No. 18-cv-06142-HSG (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff, an inmate at Kern Valley State Prison proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 complaining of events that took place at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. He is granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

**ANALYSIS**

**A.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

In his complaint, plaintiff alleges that on September 7, 2018, two female SVSP custody officials, C. Calderon and O. Valles, arrived at plaintiff's housing unit to collect dinner trays. Valles opened plaintiff's tray slot but instead of taking plaintiff's dinner tray like she normally did, Valles backed up to a neighboring cell. Calderon then pushed the trash can to a location in between plaintiff's cell and the same neighboring cell. Plaintiff threw his dinner tray into the trash can. Calderon picked plaintiff's tray out of the trash can and "rammed/threw" the tray back through plaintiff's tray slot. ECF No. 1 at 3.[1] Calderon then quickly closed the tray slot and continued to move down the tier. The tray hit plaintiff in the lower abdomen causing a "dull like numbing feeling." *Id.* at 11. Plaintiff asserts that Calderon's acts constituted excessive force in violation of the Eighth Amendment.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). With respect to

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

excessive force, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). But not every malevolent touch by a prison guard gives rise to a federal cause of action. *Id.* at 9. The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. *Id.* at 9-10. An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim. *Id.*

The description of the type of force applied by defendant Calderon is not "of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9. Even if the Court assumes the allegations are true, there is no allegation that Calderon applied such force "maliciously and sadistically to cause harm," and her actions were neither brutal nor offensive. *Id.* at 7. Furthermore, the extent of injury here, described by plaintiff as a "dull like numbing feeling" which apparently was discernable only to plaintiff, indicates that the force used was not excessive. Accordingly, the Court finds that plaintiff has failed to state an excessive force claim. Plaintiff will be provided one opportunity to amend to cure these deficiencies if he can do so in good faith.

## CONCLUSION

1. Plaintiff's complaint is DISMISSED with leave to amend. If plaintiff believes he can state a cognizable claim for relief, he shall file an AMENDED COMPLAINT within **thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 18-6142 HSG (PR)) and the words AMENDED COMPLAINT on the first page. If plaintiff files an amended complaint, he must allege, in good faith, facts—not merely conclusions of law—that demonstrate that he is entitled to relief under the applicable federal laws. **Failure to file a proper amended complaint in the time provided will result in the dismissal of this action without further notice to plaintiff.**

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

3

Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint or his filings in his prior actions by reference.

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk shall send plaintiff a blank civil rights complaint form along with his copy of this order.

**IT IS SO ORDERED.**

Dated: 1/25/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge