UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON LEON FREEMAN, | Case No. 18-cv-06142-HSG |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| C. CALDERON, et al., | |
| Defendants. | |

On October 15, 2018, Plaintiff, an inmate at Kern Valley State Prison proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 complaining of events that took place at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. Dkt. No. 1. On January 25, 2019, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend to cure specific deficiencies. Dkt. No. 10. On February 14, 2019, plaintiff filed his amended complaint. Dkt. No. 12.

The amended complaint fails to cure the deficiencies identified in the Court's order of dismissal with leave to amend. Plaintiff again alleges that on September 7, 2018, SVSP correctional officer C. Calderon used excessive force on him, in violation of the Eighth Amendment, when she rammed his dinner tray into his lower right abdomen. The amended complaint's only significant addition to this claim is that this action was done with malicious intent, and while yelling "You fucking crips." Plaintiff alleges that this indicates that Calderon's actions were both discriminatory and a malicious and excessive misuse of force. Dkt. No. 12 at 3. As explained in the Court's January 25, 2019 Order of Dismissal with Leave to Amend, not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). An inmate who complains of a push or shove that causes no discernable

injury almost certainly fails to state a valid excessive force claim. *Id.* While the new allegations in the amended complaint alleges that Calderon applied force "maliciously and sadistically to cause harm," the extent of the injury here, described by Plaintiff as a "dull numbing . . . like feeling pain" indicates that the force used was not excessive. Dkt. No. 12 at 3. In sum, the amended complaint fails to state a cognizable Eighth Amendment claim.

Accordingly, this case is DISMISSED with prejudice because the amended complaint fails to state a cognizable claim for relief. Further leave to amend will not be granted because the Court already has explained to Plaintiff the specific deficiencies in his pleading, and he has been unable or unwilling to correct them.

The Clerk shall deny as moot all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: 5/1/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge